IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDRE JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 C 4154 |
| | ) | |
| KANE COUNTY and KANE COUNTY | ) | |
| SHERIFF, PATRICK PEREZ, individually | ) | |
| and in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

JAMES F. HOLDERMAN, Chief Judge:

*Pro se* plaintiff Andre Jackson ("Jackson"), a former prisoner at the Kane County Jail, filed this lawsuit on July 10, 2009 against defendants Kane County and Kane County Sheriff Patrick Perez ("Perez") (collectively referred to as "Defendants") under 42 U.S.C. § 1983. The allegations of Jackson's complaint, which arise out of his incarceration at the Kane County Jail, can be divided into three distinct areas of claims: (1) claims based on the conditions of his confinement; (2) claims alleging inadequate healthcare; and (3) claims alleging failure to provide access to the courts. Currently pending before the court is Defendants' Motion to Dismiss Jackson's Complaint. (Dkt. No. 19.) For the following reasons, Defendants' motion is granted as to all of Jackson's allegations. Certain of Jackson's allegations can perhaps be corrected on repleading. Therefore, Jackson is granted leave to file a First Amended Complaint, consistent with this order, as to Count One's allegations regarding ventilation and Count Three's allegations as to access to the courts on or before March 1, 2010. Count Two is dismissed with

prejudice and may not be repleaded. If no First Amended Complaint is filed on or before March 1, 2010, Counts One and Three will be dismissed with prejudice.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must have enough detail to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *EEOC v. Concentra Health Servs., Inc.*, 493 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Additionally, the factual allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The pleading standard does not require "detailed factual allegations," but it demands more than "labels and conclusions." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

In reviewing the pending motion to dismiss, the court must accept the facts pleaded in Jackson's complaint as true, and draw all reasonable inferences in favor of Jackson. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). Additionally, *pro se* pleadings are held to a lesser standard than pleadings prepared by counsel, and the court must liberally construe a *pro se* complaint. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

# ANALYSIS

**1.      Count One - Conditions of Confinement**

To state a claim under 42 U.S.C. § 1983, Jackson must allege that "(1) [he] had a constitutionally protected right, (2) [he] was deprived of that right in violation of the Constitution, (3) the defendant intentionally caused that violation, and (4) the defendant acted under the color of state law." *Cruz v. Safford*, 579 F.3d 840, 843 (7th Cir. 2009).

Although Jackson does not specify the constitutional provision under which he is bringing his § 1983 claims, the court will infer that Jackson is bringing his conditions of confinement claims under the Eighth Amendment. *See Hart v. Sheahan,* 396 F.3d 887, 891 (7th Cir. 2005). To state a claim of an Eighth Amendment violation, Jackson must allege that: (1) the conditions in the prison were objectively "serious enough to be considered cruel and unusual" and (2) the "defendants [subjectively] acted with a sufficiently culpable state of mind." *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993).

To establish that the conditions in Kane County Jail were "cruel and unusual," Jackson must plead either that the conditions resulted in "unquestioned and serious deprivations of basic human needs" or that the conditions "depriv[ed] [Jackson] of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner can plead a serious deprivation of human needs by alleging that a combination of conditions produced the deprivation of a basic need such as food, heat, or exercise. *Wilson v. Seiter*, 501 U.S. 294, 304 (1991).

A. **Paragraphs 1-14 of Count One**

Defendants argue that Jackson's allegations within paragraphs one though fourteen of Count One fall outside the statute of limitations. The court agrees.

4

The statute of limitations for claims brought under 42 U.S.C. § 1983 in Illinois is two years. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). In paragraphs one through fourteen, Jackson details deprivations that allegedly occurred between May 17, 2006 and February 2, 2007. (Compl. Count One ¶¶ 1-14.) Jackson filed his complaint on July 10, 2009, more than two years later. Therefore, the allegations within paragraphs one through fourteen of Count One of Jackson's complaint fall outside the time period accorded by the statute of limitations for filing § 1983 claims.

Jackson asserts that the court must equitably toll the statute of limitations for a § 1983 action in certain circumstances. However, Jackson does not explain how any of these circumstances apply to his case. Consequently, any claims that arise from paragraphs one through fourteen of Count One of Jackson's complaint are dismissed as time barred.

### B. Plumbing Conditions

Also in Count One of his complaint, Jackson makes several allegations with regards to the plumbing conditions in his cell block. First, Jackson alleges that the toilets overflowed and "half flush[ed]" (*Id.* at ¶ 16.) Next, Jackson claims that the cells did not have "hot running water for a substantial period of time." (*Id*. at ¶ 20.) Finally, Jackson alleges that the drinking water was "as cloudy as snow in color." (*Id.*) Defendants contend that these allegations fail to set forth a constitutional violation. The court agrees.

Although unpleasant, the conditions described by Jackson in his complaint are not so severe as to deprive Jackson of a basic human need. *See McNeil*, 16 F.3d at 125 ("The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans.") All the

5

conditions described by Jackson were temporary. In presenting his plumbing claims, Jackson notes that these plumbing problems occurred "at different intervals." (Compl. Count One ¶ 15.) Jackson further explains that he was not confined to using only the lavatories in his cell, as "[s]ometimes" the prison staff allowed Jackson to use the dayroom lavatories when Jackson requested to use them. (*Id.* at ¶¶ 17-18.) Additionally, Jackson does not clearly plead how long he was without hot water in his cell block; Jackson only alleges that he lacked hot running water "for a substantial time." (*Id.* ¶ 20.) Drawing on judicial experience and common sense, *Iqbal*, 129 S. Ct. at 1950, the court finds that a lack of hot running water in a particular prison cell block, though uncomfortable by itself, is not a serious deprivation of a basic human need. Finally, Jackson states that the "cloudy water" turned clear prior to Jackson drinking the water, and he does not allege that the water was actually unsafe to drink. (*Id.* ¶ 20.) *Cf. Vinegar v. Fairman*, No. 95 C 844, 1995 WL 769758, at *6 (N.D. Ill, Dec. 29, 1995) (Kocoras, J.) ("The fact that the plaintiff did not like to eat cold meals does not amount to a constitutional deprivation.") Because Jackson fails to sufficiently allege that plumbing problems at the Kane County Jail created "cruel and unusual" conditions of his confinement, claims that arise out of Jackson's allegations of plumbing problems at the Kane County Jail are dismissed with prejudice.

### C. Inadequate Ventilation

Jackson further alleges that "an over-powering odor eman[ated] from the cell-block units" and that the Kane County Jail had "inadequate ventilation." (Compl. Count One ¶¶ 24, 27.) Jackson alleges that "the smell was awfully bad" and it caused him "discomfort along with health and sanitation problems." (*Id.* at ¶ 29.) Here, Jackson has generally alleged that the

6

inadequate ventilation caused him health problems, but more is necessary to state a claim of a constitutional deprivation. Among other deficiencies, Jackson also fails to adequately plead that Perez acted with knowledge of the condition and with deliberate indifference to Jackson's health.

Jackson must plead that Defendants acted with "a sufficiently culpable state of mind." *McNeil*, 16 F.3d at 124. To act with a sufficiently culpable state of mind, the prison officials must have acted with "deliberate indifference." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). In other words, Perez must have known that Jackson faced an objectively serious harm and must have failed to "take reasonable measures to address the harm." *Id.* It is not enough to show that Perez acted negligently or that Perez should have known about the risk of serious harm. *Id.* at 773. Jackson does not allege that he complained to Perez or any other prison officials about the jail's inadequate ventilation. Additionally, Jackson does not allege that Perez or any other prison official had knowledge of either the inadequate ventilation in the Kane County Jail or the alleged health problems the inadequate ventilation caused Jackson. Because of this, Jackson has not alleged a claim on this point, but the court will allow Jackson the opportunity to replead on this point in Count One of his First Amended Complaint if the facts support such an allegation.

### D. Lack of Hygiene Products and Cleaning Supplies

Jackson alleges that Defendants did not furnish toothpaste, toothbrushes, combs, or soap to indigent detainees. (Compl. Count One ¶ 30.) However, in the following paragraphs, Jackson acknowledges that an indigent inmate can request these items from the commissary, and the commissary will provide indigent inmates personal hygiene "kits" with these items on Saturdays. (*Id.* at ¶¶ 31-32.) Therefore, on this point, Jackson has pled himself out of court. *See Hecker v.*

7

*Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (holding that a plaintiff can plead himself out of court by alleging facts that show he has no claim). Furthermore, the Seventh Circuit has held that a lack of toothpaste, toothbrush, or soap for ten days were deprivations that failed to amount to a violation of an inmate's constitutional rights. *Harris v. Flemming*, 839 F.2d 1232, 1234-35 (7th Cir. 1998). Jackson's complaint, taken as true, alleges that inmates were without personal hygiene products for at most seven days. Therefore, Jackson fails to allege a conditions of confinement claim, and Jackson's claims involving his alleged lack of hygiene products are dismissed.

Jackson also alleges that inmates were not provided with cleaning supplies. (Compl. Count One ¶ 35.) However, in the next paragraph, Jackson states that each inmate was given a "half bristle broom, a mop, [and] a bucket with a drop of germicidal agent" every day. (*Id.* at ¶ 36.) Once again, Jackson has pled himself out of court. Consequently, Jackson's claims with regards to cleaning supplies are dismissed with prejudice.

### E. Negligence Claims

In the remaining paragraphs of Count One, Jackson alleges that Defendants were "negligent" in their operation of the Kane County Jail. However, negligence is not sufficient to sustain a § 1983 claim. To properly plead a § 1983 claim, Jackson must allege that Kane County and Perez intentionally caused a violation of Jackson's constitutional rights. *See Cruz*, 579 F.3d at 843. Additionally, several times throughout Count One of his complaint, Jackson claims that Defendants violated Illinois County Jail Standards Section 701.100(b)(1). (Compl. Count One ¶ 25; *id.* at 34; and *id.* at 40.) Section 701.100(b)(1) states, "Detainees without funds shall be provided necessary equipment and articles to maintain proper grooming and hygiene, when

8

requested by the detainee." Ill. Admin. Code tit. 20, § 701.100. Jackson further claims that Kane County and Perez violated Illinois County Jail Standards Section 701.120(4), 701.80(k), 701.80(l)(2), and 701.120(d)(3) and (5). (Compl. Count One ¶ 40.) However, pleading a violation of a state jail standard, in and of itself, does not state an Eighth Amendment claim. *Shelby County Jail Inmates v. Westlake*, 798 F.2d 1085, 1087 n.3 (7th Cir. 1986). Therefore, Jackson's negligence claims and claims regarding violations of Illinois jail standards are dismissed with prejudice.

### 2. Count Two - Failure to Provide Adequate Medical Care

In Count Two of his complaint, Jackson alleges that as a result of Defendants' "negligence," Jackson and other inmates were deprived of their right to a "healthful environment" and that Defendants failed to provide "reasonable, adequate, sufficient, and effective medical personnel" to the inmate population. (Compl. Count Two ¶¶ 26-27.) Specifically, Jackson alleges that he visited with Dr. Sood in August 2007 and complained of an ear infection. (*Id.* at ¶ 10.) Jackson further alleges that, on March 26, 2008, Dr. Sood told Jackson "not to come back to see him anymore" and that Jackson's problem was "imaginary." (*Id.*) On March 28, 2008, Jackson alleges that he saw Dr. Kim and informed Dr. Kim about his pain from an ear infection, and Dr. Kim, through an examination, saw "a congestion of wax build-up." (*Id.* at ¶11.) Jackson does not name either Dr. Sood or Dr. Kim as defendants in his complaint, and Jackson does not plead that he sustained any serious injuries from the two-day delay in diagnosing his wax build-up.

To bring an action under the Eighth Amendment, Jackson must allege that the prison officials acted with "deliberate indifference" to his "serious medical needs." *Estelle v. Gamble*,

9

429 U.S. 97, 105 (1976). A deliberate indifference claim requires both an objectively serious risk of harm and a subjectively culpable state of mind. *Edwards v. Synder*, 478 F.3d 827, 830 (7th Cir. 2007). To satisfy the objective element, the medical condition must be one that a physician has diagnosed as "mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Edwards*, 478 F.3d at 830-31 (citing *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). Jackson's general allegations of pain from wax build-up do not appear to meet this standard. Moreover, to plead a culpable state of mind, Jackson must allege that Perez "personally caused or participated in the alleged constitutional deprivation." *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000). Jackson fails to make any allegations that Perez was personally involved in, or even aware of, Jackson's treatment for "a congestion of wax build-up." Therefore, Jackson has not alleged that Perez acted with deliberate indifference.

Jackson also alleges that he "had to suffer in pain" between 6 a.m. and 8 p.m., the times when medication was administered by the primary physician at the Kane Count Jail. (Compl. Count Two ¶ 21.) Jackson alleges that he told Dr. Kim about this pain. (*Id.*) However, Jackson does not make any allegations that Perez knew anything about the pain Jackson allegedly suffered. Therefore, Jackson fails to allege an objectively serious risk of harm and Jackson also fails to allege that Perez acted with deliberate indifference.

Because no further repleading consistent with the facts Jackson has alleged can correct the deficiencies of Jackson's failure to state an Eighth Amendment violation as to his medical needs, Count Two of Jackson's complaint is dismissed with prejudice.

    **3.**    **Count Three - Access to the Courts**

In Count Three, Jackson alleges that he was denied access to the courts because Defendants provided "less than half the volumes recommended by the American Association of Law Libraries" in the Kane County Jail library, and that Defendants failed to provide competent legal personnel in the Kane County Jail library. (Compl. Count Three, ¶¶ 7 & 20.)

The law requires that prisoners have "[m]eaningful access to the courts." *Lehn v. Holmes*, 364 F.3d 862, 866 (7th Cir. 2004) (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Meaningful access does not require any particular resource such as a law library or any specific form of legal assistance. *Lehn*, 364 F.3d at 868. The prisoner instead must show that the prison authorities actually prejudiced the pursuit of a valid legal claim. *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009). The Seventh Circuit has established a two-part test for access to court claims: "First [Jackson] must prove that prison officials failed to assist in the preparation and filing of meaningful legal papers . . . . Second, [Jackson] must show some quantum of detriment caused by the challenged conduct of the state officials." *Lehn*, 364 F.3d at 868 (quoting *Bounds*, 430 U.S. at 823).

Jackson alleges that the lack of law books "put Plaintiff in a position of not being able to conduct research and properly represent Plaintiff [sic] civil and criminal cases while at the crucial stages of the cases." (Compl. Count Three ¶ 17.) Jackson does not specify which of his cases were affected by his lack of adequate access to the courts in his complaint or in his responsive motion. Therefore, this claim is dismissed without prejudice. *See Pratt v. Tarr*, 464 F.3d 730, 733 (7th Cir. 2006) (noting that had plaintiff not submitted filings that identified the lawsuits to which his complaint referred, the court may have dismissed the complaint with leave to replead). Consistent with *Pratt*, Jackson is granted leave to re-plead this purported claim in

his First Amended Complaint, should he desire to do so and the facts support such an allegation. However, Jackson is advised that he may not bring a denial of access to court claim for his criminal lawsuits if he was offered appointed counsel in each suit and choose to represent himself. *See U.S. v. Byrd*, 208 F.3d 592, 593 (7th Cir. 2000) ("The rule is that he has the right to legal help through appointed counsel, and when he declines the help, other alternative rights, like access to a law library do not spring up.").

## **CONCLUSION**

For the reasons stated above, Kane County and Kane County Sheriff Patrick Perez's Motion to Dismiss [Dkt. No. 19] is granted. Count One's allegations, except for the allegation regarding ventilation, and Count Two's allegations in Jackson's complaint are dismissed with prejudice. Count One's allegations as to ventilation and Count Three are each dismissed without prejudice. Jackson is granted leave to file a First Amended Complaint, consistent with this order, on or before March 1, 2010, should the facts support such a pleading and he should desire to do so. If no First Amended Complaint is filed on or before March 1, 2010, then Counts One and Three will be dismissed with prejudice in their entirety.

ENTER:

*[signature: James F. Holderman]*

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: January 26, 2010