UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 09 C 4154 |
| KANE COUNTY, et al., | ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

The plaintiff, a former inmate at the Kane County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, Kane County and its Sheriff, violated the plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement at the Kane County Jail. This matter is before the Court for ruling on the defendants' motion to dismiss Count I[1] of the amended complaint for failure to state a claim. For the reasons stated in this order, the motion is granted in part and denied in part.

LEGAL STANDARD

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). To satisfy

---

[1] By Minute Order of May 5, 2010, the court dismissed the plaintiff's court access claim, Count II, on preliminary review pursuant to 28 U.S.C. § 1915A.

the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. Furthermore, a plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted).

BACKGROUND

The plaintiff was a pretrial detainee at the Kane County Jail at all times relevant to this action. The plaintiff sues Kane County, as well as Kane County Sheriff Patrick Perez.

The amended complaint alleges the following facts, which will be assumed true for purposes of the motion to dismiss:

On May 17, 2006, the plaintiff was admitted to the Kane County Jail. He was initially assigned to the jail's Cellblock 161.

Seven days a week, the plaintiff and all other detainees were locked out of their cells from 5:30 a.m. until 9 p.m. The inmates spent about fifteen and a half to sixteen hours every day in the day room.

The day room was very cold, with frigid air blowing throughout the cellblock. The rusted radiator did not work. The inmates were issued uniforms consisting of only a thin orange t-shirt and pants. Inmates were not allowed to take their sheets or blankets to the day room. The day room was so cold that the prisoners would tuck their arms inside their shirts and wrap their arms around themselves under their shirts to stay warm. The plaintiff would sometimes slide under a wooden bench and ball up in a fetal position to warm himself. The plaintiff maintains that he became ill on account of the cold temperatures, suffering from body aches, severe headaches, unstable blood pressure, dizziness and numbness, and a "touch" of pneumonia. Although the detainees repeatedly complained, the maintenance department took no action. The plaintiff endured the cold environment from May 2006 until the middle of July 2006.

From October 2006 to February 2007, a strong odor of "musky funk" pervaded the plaintiff's living area. The stench was so bad that officers covered their faces or hurriedly left when they entered the cellblock. Furthermore, because the inmates had to wear so many layers of clothing to keep warm, foul body odor contributed to the unpleasant smell in the unit. Again, the administration ignored complaints about the stagnation.

In June 2007, the plaintiff was relocated to Block 301, where he remained until April 2008. Although the cellblock was designed to house ten inmates, twenty detainees occupied the unit. That

day room was even colder than the one in the plaintiff's prior housing division; the cold air blew so hard through the vents that the cellblock "became one big freezer."

The plaintiff's cell was equally cold; ice formed around the window, the walls were frozen, and the radiator did not function. When the outside weather fell below zero, it was so cold inside that the people housed in the cellblock could see their exhaled breath. The plaintiff again suffered constant colds, pneumonia, and other ailments due to the exposure to so much cold. The sergeant in charge of the cellblock refused either to rectify the problem or to allow the detainees to have blankets. The officers who patrolled the unit, in contrast, wore sweaters, overcoats, and gloves.

On October 31, 2007, the plaintiff filed suit in the Kane County Circuit Court. (Plaintiff's Exhibit K, Complaint filed in *Jackson v. Kane County Mental Health*, Case No. 07 L 579.[2]) That case, in which the Kane County Jail Mental Health and Social Services Department was the named defendant, concerned the conditions of the plaintiff's confinement in the jail's segregation unit from September 12, 2007, through September 17, 2007. (Exhibit A to the Defendants' Motion to Dismiss, Amended Complaint.) The plaintiff complained of an unsanitary environment, food deprivation, inadequate heat and clothing, and lack of toiletries during the five days he spent in segregation. (*Id.*) By Order of July 28, 2009, the state court (Spence, J.) granted the defendants' uncontested motion for summary judgment. (Defendants' Exhibit B.)

The plaintiff initiated the instant suit on July 10, 2009.

---

[2]The court's consideration of the documents on file in the plaintiff's state court case does not require conversion of the motion to dismiss into a motion for summary judgment. In ruling on a 12(b)(6) motion to dismiss, the court may take judicial notice of matters of public record. *Cancer Foundation, Inc. v. Cerberus Capital Management*, 559 F.3d 671, 675, n.2 (7th Cir. 2009); *see also Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Matters of public record include public court documents. *Cancer Foundation*, 559 F.3d at 671, n.2; *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

ANALYSIS

Accepting the plaintiff's factual allegations as true, the court finds that the complaint states a colorable claim against Sheriff Perez for subjecting the plaintiff to inhumane conditions of confinement. The plaintiff's prior lawsuit arising from one, discreet incident does not bar a subsequent lawsuit relating to the overall conditions of his confinement. However, some of the plaintiff's allegations are time-barred, and he has failed to state a viable claim against Kane County itself.

I.  Res Judicata

The doctrine of res judicata does not bar this lawsuit in its entirety. Under principles of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). In Illinois, there are three requirements for res judicata to apply: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Highway J*, 456 F.3d at 741. "If these requirements are fulfilled, res judicata 'bars not only those issues which were actually decided in a prior suit, but also all other issues which could have been raised in that action.' " *Ibid.* (citation omitted).

In the case at bar, the plaintiff's claims do not meet the second prong, identity of the causes of action. There is identity of causes of action if the second action "emerges from the same core of operative facts as that earlier action." *Id.* (citation omitted). "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (citations omitted). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events,

transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). Also, "[w]hile the legal elements of each claim may be different, the central factual issues [must be] identical" for claim preclusion to take effect. *Highway J*, 456 F.3d at 743-44; *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 339 (7th Cir. 1995).

Certainly, the plaintiff cannot relitigate any cause of action relating to the time he spent in disciplinary segregation from September 12 through September 17, 2007. The plaintiff had a full and fair opportunity to litigate that claim, there was a final judgment on the merits by a court of competent jurisdiction, and the federal courts have consistently barred civil rights plaintiffs from relitigating claims already decided in state court. *See, e.g., Licari v. City of Chicago*, 298 F.3d 664, 666 (7th Cir. 2002); *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 636 (7th Cir. 2004).

Nevertheless, the court rejects the defendants' apparent contention that the plaintiff's prior litigation focusing on a five-day disciplinary penalty precludes any subsequent suit whatsoever bearing on the overall conditions of the plaintiff's confinement. The first lawsuit in state court, *Jackson v. Kane County Mental Health*, Case No. 07 L 579, related to the conditions of the plaintiff's confinement in the segregation unit; the instant lawsuit principally concerns the conditions of the plaintiff's confinement in general population Cellblocks 161 and 301. Accordingly, the doctrine of res judicata is largely inapplicable. The defendants' motion to dismiss the amended complaint on grounds of res judicata is therefore granted only insofar as the plaintiff may be attempting to relitigate any conditions-of-confinement relating to the period of September 12-17, 2007.

II.     Statute of Limitations

The defendants' motion to dismiss is likewise granted with respect to events alleged in the amended complaint that occurred before July 10, 2007. In Illinois, the statute of limitations for Section 1983 actions is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Illinois law does not toll the statute of limitations for prisoners. *Schweihs Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, No. 10 C 5188, 2010 WL 3526379, *1, n.1 (N.D. Ill. Aug. 30, 2010) (Norgle, J.). Because the plaintiff waited until July 10, 2009, to initiate this lawsuit, any claims pre-dating July 10, 2007, more than two years earlier, are time-barred. The court has no occasion to consider whether the plaintiff is exaggerating claims of cold summer temperatures in 2006.

III.    Municipal Liability

Kane County's motion to dismiss the plaintiff's substantive claims against the county is granted. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). To establish an official policy or custom, a plaintiff must show that his constitutional injury was caused by: (1) the enforcement of an express policy; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a person with final policy-making authority. *Wragg*, 604 F.3d at 468 (citations omitted).

Here, the plaintiff has not alleged any unconstitutional municipal policy or custom. To the contrary, the plaintiff has not responded to the County's motion to dismiss the substantive claims

7

against it; instead, his opposing brief addresses only the defendants' arguments pertaining to timeliness and res judicata. The court therefore deems the County's motion unopposed.

The County concedes that it is an indispensable party to the litigation because it is liable for any judgment entered against the Kane County Sheriff in his official capacity. *See, e.g., Carver v. LaSalle County*, 324 F.3d 947, 948 (7th Cir. 2003) (in Illinois, a county is a necessary party in any suit seeking damages from an independently elected county officer in an official capacity); *see also Garrett v. Dart*, No. 09 C 1398, 2010 WL 2136670, *3 n.2 (N.D. Ill. May 26, 2010) (Dow, J.). The County will therefore remain as a nominal defendant for purposes of indemnification. However, any separate cause of action the plaintiff has brought against Kane County is dismissed for failure to state a claim.

IV. Qualified Immunity

The Sheriff's asserted defense of qualified immunity is premature. The doctrine of qualified immunity protects government officials from civil liability when performing discretionary functions so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, in the case at bar, the plaintiff is claiming violations of clearly established rights. It is well settled that the Due Process Clause prohibits conditions that amount to "punishment" of a pretrial detainee. *See, e.g., Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009). Pretrial detainees have a Fourteenth Amendment right to adequate shelter, including a right to protection from cold. *See Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997); *Henderson v. DeRobertis*, 940 F.2d 1055, 1058 (7th Cir. 1991) (finding that deprivation of blankets for four days in extreme cold could constitute Eighth Amendment violation).

The U.S. Court of Appeals for this circuit has additionally held that an inference of involvement is justified to sustain claims asserted against certain senior officials, such as the county sheriff or the prison warden, where the claims alleged involve "potentially systemic," rather than "clearly localized," constitutional violations. *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir. 1996); *Lieberman v. Budz*, No. 00 C 5652, 2010 WL 369614, *8 (N.D. Ill. Jan. 28, 2010) (Coar, J.). If the plaintiff can establish that the defendant acted with deliberate indifference to broadly unconstitutional conditions of confinement, the sheriff will not be entitled to invoke qualified immunity.

In fact, a complaint is generally not dismissed under Fed. R. Civ. P. 12(b)(6) on qualified immunity grounds. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001), *citing Jacobs v. City of Chicago*, 215 F.3d 758, 765 n. 3 (7th Cir. 2000). Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate. *Id.* "Rule 12(b)(6) is a mismatch for immunity and almost always a bad ground for dismissal. . . ." *Jacobs*, 215 F.3d at 775 (Easterbrook, J., concurring).

V.   Punitive Damages

Finally, any request for punitive damages is dismissed to the extent that the plaintiff seeks such damages against the Kane County Sheriff in his official capacity. The court notes that the amended complaint requests only "monetary relief;" the plaintiff has not specifically sought punitive damages. Nevertheless, as a matter of clarification, "municipalities are immune from punitive damages in § 1983 suits." *Minix v. Canarecci*, 597 F.3d 824, 830 (7th Cir. 2010), *citing City of Newport v. Fact Concerts*, 453 U.S. 247, 271(1981)) (inter alia). Assuming the plaintiff ultimately prevails on his claims, he may recover punitive damages against Sheriff Perez only in his individual capacity. *Minix*, 597 F.3d at 824; *see also Hill v. Shelander*, 924 F.2d 1370, 1374 (7th Cir.1991).

In sum, accepting the plaintiffs' factual allegations as true, the court finds that the complaint states a tenable cause of action against Sheriff Perez under 42 U.S.C. § 1983. Perez cannot, on the basis of the undeveloped record, assert qualified immunity; furthermore, res judicata does not bar the plaintiff's challenge against the conditions of his confinement in the Kane County Jail's general population unit. Only the plaintiff's allegations concerning events before July 10, 2007, are dismissed as time-barred. The plaintiff's claims against Kane County are also dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss Count I of the amended complaint for failure to state a claim [document no. 40] is granted in part and denied in part as follows: The plaintiff's allegations about matters pre-dating July 10, 2007, are dismissed as time-barred pursuant to Fed. R. Civ. P. 12(b)(6), and any cause of action concerning the conditions of confinement in the segregation unit in September 2007 is barred by res judicata. Kane County remains as a nominal defendant solely for the purpose of paying a potential judgment. The motion to dismiss is denied in all other respects. The defendants are directed to answer or otherwise plead on or before November 30, 2010. The case is set for report on status at 9:00 a.m. on December 2, 2010.

ENTER:

*James F. Holderman*
JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: November 9, 2010